**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO.:

SUSAN PLUMLEE,

    Plaintiff,

vs.

CECELIA CAMBLIN,

    Defendant.

_____/

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff SUSAN PLUMLEE brings this action for unpaid minimum wages and unpaid overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"), for violations of Florida Statutes §§ 448.110 and 448.08, and for breach of contract under Florida law against CECELIA CAMBLIN ("Defendant") and alleges as follows:

### PARTIES

1. Plaintiff Susan Plumlee is an individual who was employed by Defendant from approximately June 28, 2000 until September 1, 2021. Plaintiff worked out of Defendant's premises located at 5723 Churchill Downs Road, Sarasota, Florida 34241. At all times material hereto, Plaintiff was a resident of Sarasota County, Florida.

2. Defendant Cecelia Camblin is an individual who owns the property located at 5723 Churchill Downs Road, Sarasota, Florida 34241. Defendant is currently a resident of Butler County, Alabama.

### JURISDICTIONAL ALLEGATIONS

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action involves a federal question under the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as this claim is related to Plaintiff's federal claims and arises from the same case or controversy as Plaintiff's FLSA claims.

5. This Court has original and personal jurisdiction in this action because Defendant engaged in business within the State of Florida, and the actions complained of occurred in Florida.

6. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and the Local Rule for the United States District Court, Middle District of Florida 1.02(c) because the events giving rise to these claims occurred in this jurisdiction and Defendant conducted business in this jurisdiction.

**GENERAL ALLEGATIONS**

7. This action is brought under the FLSA and Florida law to recover from Defendant unpaid minimum wages, unpaid overtime wages, unpaid wages, contractually obligated payments, liquidated damages, and reasonable attorney's fees and costs.

8. At all material times hereto, Plaintiff was an individual covered by the FLSA, as defined by 29 U.S.C. § 203(s)(1)(A)(i).

9. Defendant owns the property located at 5723 Churchill Downs Road, Sarasota, Florida 34241. Plaintiff's primary role was that of a housekeeper for Defendant, whose duties included, but were not limited to: (1) forwarding packages and mail to Defendant in Alabama; (2) calling and meeting with contractors and repair personnel to discuss improvements and repairs to the home; (3) calling and meeting with medical equipment representatives who were providing equipment to Defendant's husband during his lifetime; (4) advertising, selling, and showing vehicles and trailers that were owned by Defendant; (5) calling insurance companies

for Defendant regarding Defendant's various vehicles that were stored on the property; (6) assisting Defendant with moving her personal items from her storage unit to the property (and vice versa); (7) assisting Defendant in marketing and selling her personal medical equipment; (8) general upkeep of the property, including making sure all systems and equipment was in working condition and running properly; (9) assisting other employees of Defendant with repairs in the home, including (without limitation) repairing numerous broken water lines in the back yard; (10) taking down fences around the property; (11) meeting with property inspectors; and (12) contacting companies to clean out the septic tank. During the relevant statutory period, Plaintiff also assisted with horses that were on Defendant's property.

10. In completing these duties, Plaintiff was regularly engaged in interstate commerce by (1) regularly making phone calls and sending/receiving text messages from Defendant, who was out of State; (2) handling records of interstate transactions; (3) doing maintenance and repair work where goods were produced for shipment out of Florida; (4) marketing medical equipment to potential customers outside of Florida; (5) calling insurance company representatives located outside of Florida; and (6) mailing documents and other materials to Defendant in Alabama.

11. Accordingly, Plaintiff was involved in interstate commerce.

12. Plaintiff has satisfied all conditions precedent to bringing the claims included herein, or they have been waived.

13. Plaintiff has hired the undersigned attorneys and have agreed to pay them a reasonable fee.

14. Plaintiff requests a jury trial on all issues to triable.

15. This claim challenges Defendant's willful and intentional refusal or failure to pay

Plaintiff any wages whatsoever during the statutory period.

16. At all material times, Plaintiff was an "employee" of Defendant, within the meaning of both Florida and Federal law.

17. At all material times, Defendant was Plaintiff's "employer" within the meaning of both Florida and Federal law.

18. Defendant routinely suffered or permitted Plaintiff to work in excess of forty (40) hours per week.

19. Defendant willfully and intentionally refused to pay Plaintiff for any hours worked during the statutory period.

20. Defendant willfully and intentionally refused to pay Plaintiff any minimum wages during the statutory period.

21. Upon information and belief, the records, to the extent they exist, concerning the number of hours and amounts paid to Plaintiff are in the possession, custody, and control of Defendant. If the records become unavailable, Plaintiff may establish the hours she worked solely through her testimony, and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

22. Although the FLSA provides certain exemptions to the mandates of paying overtime compensation, "exemptions under the FLSA are to be construed narrowly against the employer who asserts them," and "an employer who claims an exemption from the FLSA has the burden of showing that the exemption applies." *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004).

23. No exemption to the FLSA's overtime or minimum wage provisions apply in this case.

24. Defendant is a sophisticated individual (she is a medical doctor) with access to information and resources necessary for compliance with the FLSA and other applicable laws.

25. Upon information and belief, Defendant did not rely on professional legal advice or any Department of Labor opinions when she unlawfully failed to pay Plaintiff any wages whatsoever during the statutory period.

26. In accordance with Florida Statute § 448.110, Plaintiff sent Defendant a notice of intent to initiate a claim for unpaid minimum wages on September 1, 2021, which was received by Defendant on September 7, 2021. To date, that claim has not been satisfied. *See* Exhibit 1 attached hereto.

27. Plaintiff and Defendant entered into a contract regarding Plaintiff's employment on June 28, 2000. While Plaintiff's duties evolved over time, the provisions regarding payment to Plaintiff in exchange for services provided were never amended or altered. *See* Exhibit 2.

28. Defendant breached the contract by failing to pay Plaintiff in accordance with the contract during the statutory period.

**COUNT I: UNPAID MINIMUM WAGES UNDER FLA. STAT. § 448.110**

29. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-28 above into this Count, as if fully set out herein.

30. During the statutory period, Plaintiff was an employee of Defendant within the meaning of Fla. Stat. § 448.101(2).

31. During the statutory period, Defendant was Plaintiff's employer within the meaning of Fla. Stat. § 448.101(3).

32. Florida Statute § 448.110 requires employers to pay employees the State-mandated minimum wage.

33. Defendant failed to pay Plaintiff the State-mandated minimum wage during the statutory period.

34. Defendant's unlawful conduct, as described in this Complaint, was willful and intentional. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant did not make a good faith effort to comply with Florida law with respect to the compensation of Plaintiff.

35. As a result of Defendant's intentional and willful violations of Florida law, Plaintiff has suffered damages, and is entitled to all unpaid minimum wages, an equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs.

## COUNT II: UNPAID MINIMUM WAGES UNDER THE FLSA

36. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-28 above into this Count, as if fully set out herein.

37. The FLSA, 29 U.S.C. § 206, requires employers to pay all employees at least the prescribed minimum wage of $7.25 per hour.

38. At all relevant times, Plaintiff was an individual engaged in interstate commerce, and thus was covered by the FLSA.

39. Defendant failed to pay Plaintiff any minimum wages whatsoever during the statutory period.

40. Defendant's unlawful conduct, as described in this Complaint, was willful and intentional. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

41. As a result of Defendant's intentional and willful violations of the FLSA, Plaintiff

has suffered damages, and is entitled to all unpaid minimum wages, an equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs.

### COUNT III: UNPAID OVERTIME WAGES UNDER THE FLSA

42. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-28 above into this Count, as if fully set out herein.

43. The FLSA, 29 U.S.C. § 207, requires all employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

44. As described in the preceding paragraphs, Defendant suffered and permitted Plaintiff to work overtime hours during the statutory period without any compensation whatsoever, including overtime compensation.

45. Plaintiff is not exempt from the overtime requirements of the FLSA.

46. Defendant's actions, policies, and practices as described herein violate the FLSA's overtime requirement by willfully and intentionally failing to compensate Plaintiff for all overtime hours worked during the statutory period.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, and is entitled to all unpaid overtime wages, an equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs.

### COUNT IV: VIOLATION OF FLORIDA STATUTE § 448.08

48. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-28 above into this Count, as if fully set out herein.

49. During the statutory period, Plaintiff was an employee of Defendant within the meaning of Fla. Stat. § 448.101(2).

50. During the statutory period, Defendant was Plaintiff's employer within the meaning of Fla. Stat. § 448.101(3).

51. During the statutory period, Defendant suffered and permitted Plaintiff to work at her Sarasota property.

52. Defendant failed to pay Plaintiff any wages whatsoever in exchange for the work performed during the statutory period.

53. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to all unpaid wages due, prejudgment interest, and reasonable attorneys' fees and costs incurred in bringing this matter.

## COUNT V: BREACH OF CONTRACT

54. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-28 above into this Count, as if fully set out herein.

55. The Parties entered into a contract on June 28, 2000. The contract is attached hereto as Exhibit 2.

56. Under the contract, Defendant was obligated to pay Plaintiff $600.00 per week, a 25% of money receives for horse riding lessons, and cover all costs for Plaintiff's health insurance.

57. During the statutory period, Defendant failed to pay Plaintiff any wages, any split for horse riding lessons, and cover any costs for her health insurance.

58. Defendant's failure to pay Plaintiff in accordance with the contract constitutes a material breach of the contract.

59. As a result of Defendant's breach, Plaintiff has suffered damages, and is entitled to all benefits due her under the contract, as well as all taxable costs incurred in bringing this

matter.

## COUNT VI: UNJUST ENRICHMENT

60. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-28 above into this Count, as if fully set out herein.

61. By providing services to Defendant as described herein, Plaintiff conferred a benefit upon the Defendant, and Defendant had knowledge of that benefit.

62. Defendant accepted and retained the benefits conferred upon her by Plaintiff.

63. Under the circumstances, it would be inequitable for Defendant to retain the benefits without payment of value for the benefits received.

64. As a result of Defendant's conduct and unjust enrichment, Plaintiff has been damaged, and is entitled to an amount of payment commensurate with the value of the benefits received by Defendant, along with all taxable costs incurred in bringing this claim.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint, and on all other issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant and for the damages listed in each Count herein, including unpaid minimum wages, unpaid overtime wages, unpaid wages, damages stemming from Defendant's breach of contract, liquidated damages, reasonable attorneys' fees and costs incurred in this matter, and all other relief that this Court deems just and appropriate.

DATED this 6th day of April, 2022, and respectfully submitted by:

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
E-Mail: nick@buckmanandbuckman.com

*/s/ Y. Drake Buckman, II*
Y. Drake Buckman, II, Esq.
Florida Bar Number: 0137634
E-Mail: attorney@buckmanandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Blvd.
Sarasota, FL 34231
Telephone:    (941) 923-7700
Fax:          (941) 923-7736

*Attorneys for Plaintiff Susan Plumlee*